1917.]     Opinion of Court below—Opinion of the Court.

accidental straining and tearing of the adhesions not happened, they would never have given the plaintiff any trouble; and the jury having found these facts, we think that the verdict of the jury should not be disturbed.

Verdict for plaintiff for $3,650 and judgment thereon. The Pittsburgh Casualty Company appealed.

*Errors assigned* were instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*W. R. Murphy,* with him *James A. Wakefield, McIlvain, Murphy, Day & Witherspoon* and *J. B. Boyer,* for appellant.

*T. Jeff Duncan,* with him *Duncan, Chalfant & Warne, O. S. Chalfant, Boyd E. Warne, Acheson & Crumrine, C. L. V. Acheson* and *J. Boyd Crumrine,* for appellee.

PER CURIAM, January 8, 1917:

The judgment is affirmed on the opinion of the learned court below overruling the motion for judgment for defendant non obstante veredicto.

---

# Hazelwood Brewing Company v. Siebert, Appellant.

*Corporations—Contracts—Negotiable instruments — Promissory notes—Accommodation endorsement—Ultra vires—Defenses.*

1. While the validity of an act ultra vires of a corporation may be questioned by stockholders, the state, and in some instances by creditors, it cannot be questioned by a stranger to the transaction.

2. Where a brewing company became an accommodation endorser of a promissory note, and having paid the note sought to require payment of a prior endorser, the defense that plaintiff's action in endorsing the note was ultra vires, that payment by plaintiff could not have been compelled, and that for that reason it had no right

to require payment of defendant, was without merit; the payment of the note by plaintiff in no way prejudiced defendant or affected his liability, and the court properly directed a verdict for plaintiff.

Argued Oct. 9, 1916. Appeal, No. 25, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1913, No. 2231, on directed verdict for plaintiff, in case of Hazelwood Brewing Company, a Corporation, v. E. E. Siebert. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a promissory note. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,938 by direction of the court, and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury and in directing a verdict for plaintiff.

*N. B. Madden,* with him *John N. Piatt,* for appellant. —The corporation was without power to become an accommodation endorser; its act in so doing was ultra vires and void: Filon v. Miller Brewing Co., 38 N. Y. St. Repr. 602.

The plaintiff is in a position analogous to that of one who has been discharged from liability upon negotiable paper by the laches of the holder: Harvey v. Girard Natl. Bank, 119 Pa. 212; Bachellor v. Priest et al., 29 Mass. 399; Ellsworth v. Brewer, 28 Mass. 316.

If an endorser who has been discharged by the laches of a subsequent endorser pays a bill or note, he pays it in his own wrong and cannot be allowed to recover against a prior endorser: 4 A. & E. Encyc. of Law (2d Ed.), p. 435; Turner v. Leech, 4 Barn. & Ald. (Eng.) 451; Triplett v. Hunt, 33 Ky. 126; Brown & Sons v.

Ferguson, 31 Va. 37; Etting v. Schuylkill Bank, 2 Pa. 355.

*H. R. Birmingham,* with him *S. S. Robertson,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

The plaintiff in this case was endorser upon a promissory note, upon which the defendant was a prior endorser. Being called upon to make good its endorsement, the plaintiff paid the note, and in turn required payment by defendant, which being refused, this suit was brought. The defendant sought to evade liability upon the ground that the plaintiff was an accommodation endorser, and that its action as such was ultra vires, and payment by plaintiff could not have been compelled, and for that reason it had no right to recover here. The court below held that the defense suggested was without merit, and that the payment of the note by the plaintiff in no way affected the liability of the defendant, as, in any event, he was liable to prior holders. With this conclusion we entirely agree. The plea of ultra vires is not to be interposed by a stranger to the contract. To entitle the defendant to raise this question it must appear that some right of his has been invaded by the act of which he complains. The defendant was unquestionably liable to other subsequent holders of the note, and he might have been directly sued by one of them, so that he was in no way injured by the payment of the note by plaintiff. The act may have been ultra vires, but the stockholders, the state, and in some instances the creditors, are the parties entitled to raise the issue, and not a stranger to the transaction: 3 Thompson on Corporations (2d Ed. 1909), Sec. 2852. It is to the credit of the plaintiff in this case that it made no attempt to evade its agreement as endorser, and we see no reason why the defendant should be permitted to insist that it be penalized for maintaining its commercial honor. Payment of the

note amounted to a repurchase of it, and we think the plaintiff was entitled to all the rights of an endorser, which included of course the right to recover from a prior endorser.

The judgment is affirmed.